Circuit Court of Multnomah County, June Term, 1869.

## WILLIAM OLIVER *v.* THE NORTH PACIFIC TRANSPORTATION COMPANY.

Corporation Liable for Negligence of Agent.—A corporation is liable to the injured party for damages caused by the agent of the corporation in carelessly firing a signal gun from the corporation's ship, although the agent acted contrary to instructions as to the manner of firing.

Principal Liable, When.—If an agent abandon his principal's business and do something not pertaining thereto, the agent or actor is alone liable. But if he do his principal's business in a careless manner which he was directed to do in a careful manner, the departure from orders will not exonerate the principal.

Measure of Damages.—In estimating damages for injury to the person carelessly shot and hit by the wad of a cannon, it is proper to consider loss of time, money necessarily expended, or debts necessarily incurred in curing the bodily injury, and whatever bodily pain the injury may have caused the injured party.

Idem.—The object of the law in such a case is compensation.

Exemplary Damages.—Exemplary damages denied.

THE complainant charges, that the defendant, a corporation engaged in navigating the waters of the State of Oregon, and plying between Portland, Oregon, and Victoria, a foreign port, was owner and had control of a steam-vessel called "The Gussie Telfair." That at the departure of said vessel from Portland, the plaintiff was on the wharf, and the defendant's servants in the conduct and management of

the vessel, fired a loaded cannon from on board the vessel as a signal of departure, in such a careless and unskillful manner, that "the plaintiff was hit and struck upon his face and head by the wadding and other material," fired from the gun, and was greatly injured and wounded. Loss of time, expense, suffering and permanent personal injury are alleged, and damages laid at $25,000.

The answer denies that defendant then had control of the vessel, and avers that it was under the control of a pilot. Denies that the gun was fired "by defendant's agents as such agents." Denies want of care and skill. States that if the gun was fired as charged, "it was done without authority or direction of defendant," and not by persons in the discharge of their duty as agents; and done directly in violation of the directions and instructions of defendant. That the alleged injury was not the fault of defendant. Denies that plaintiff was greatly injured, or detained from his business more than one week, or has suffered any damage.

The replication denies the allegations of the answer.

*David Logan*, for the plaintiff.

*Lansing Stout*, for the defendant.

The facts proved on the trial were substantially as alleged in the complaint. The gun was fired while the ship was turning in the river. It was the duty of the persons in charge of the gun to fire it while the vessel was headed across the stream, so that the wadding would have been discharged down the channel of the river, but by negligence or mismanagement, the firing was delayed until the bow of the vessel was so far turned down the stream that the direction of the gun was toward the wharf, which the vessel had just left, and upon which the defendant and numbers of others were still standing. Plaintiff's injuries were severe abrasions about the face, rendering his condition critical for a few days; and there was some evidence tending to show that he is to some extent permanently injured.

The defendant offered to prove that the vessel was in

charge of a pilot appointed, in pursuance of the law of this state; claiming that under a law, compelling commanders and owners to receive a pilot on board, and to pay him for taking charge of the vessel while in the river, the owners cannot be held responsible for negligence of subordinate officers.

The plaintiff objected for irrelevancy, and the objection was sustained.

There was some evidence tending to show that the gun did not point in the direction of the wharf, but that the wadding divided, and a piece of it only, being deflected, struck the defendant.

The following instructions, asked by the defendant, the court refused to give.

"If you believe, from the evidence, that the firing of the gun was in violation of the orders of the company, as given to the master of the ship, the defendant is not liable."

"If the person who fired, or directed the gun to be fired, acted in violation of the instructions of defendant, then they, and not the defendant, are liable."

"If the man fired the gun in response to orders from a superior in defendant's employ, and that superior violated his instructions from defendant, in so ordering the gun to be fired, the defendant is not liable."

"This being an action for the wrongful acts of agents of defendant, unless you believe from the evidence, that the defendant directed the assault to be made on plaintiff, you cannot, in estimating the damages, consider anything but plaintiff's loss of time, and actual expenses attending the injury."

The following instructions, asked by the defendant, were given to the jury:

"In this case, the defendant is not liable for anything beyond the actual damage sustained by the plaintiff."

"Actual damages are the measure of the liability of the defendant."

The plaintiff requested instructions, that it was within the province of the jury to find exemplary damages, which were not given.

UPTON, J., also gave the following instructions:

In cases of this kind, the jury are to determine all questions of fact, and all questions of fact are to be determined according to the weight of evidence.

It will be a question of fact for you to determine whether the gun was fired by the plaintiff's agent, while acting in the course of the plaintiff's business, as his agent. If an agent doing business for a company, do the business in such a careless or negligent manner, that one who is without fault, is injured by the carelessness or negligence, the company is liable to pay the injured party the damages actually sustained in consequence of the injury. If one who is agent for another, and authorized to transact his business, as, for instance, to sail a ship upon a particular voyage, depart from the business he is directed to transact, and without authority, divert the ship from his principal's business, the principal may be exonerated from liability. But the fact that the agent does the principal's business in a careless manner, which he was directed to do in a careful manner, will not exonerate the principal.

The burden of proof is on the plaintiff, to show that the person who fired the gun, or gave the order, was acting at the time as the agent of the company, that the act was negligently or carelessly done, and that the plaintiff was injured by the carelessness or negligence.

If the evidence satisfies you that the plaintiff is entitled to recover, it will be for you to determine from the evidence what amount of damages plaintiff has sustained.

Under the pleadings, the measure of damages is the loss and injury actually sustained by reason of the negligence. The defendant is not liable for anything beyond the actual loss and injury sustained by the plaintiff. And the plaintiff, if entitled to anything, is entitled to such a sum of money as will fully compensate him for all loss and injury to him, caused by the negligence or wrongful act.

In estimating damages, it is proper to consider loss of time, money necessarily paid or debts necessarily incurred in curing the bodily injury, and whatever bodily pain it may have caused to the plaintiff.

The object and intent of the law in this class of cases, is to establish such a measure of damages as will fully compensate the injured party for all the injury he has sustained, whether the injury be loss of time, loss of money, bodily pain, or permanent bodily injury. But this is not a case where there is occasion to give what is called exemplary damages.